# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| **JEREMIAH WOMACK** | **CASE NO. 3:20-CV-00076** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **A B C INSURANCE CO., ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion to dismiss for lack of personal jurisdiction, Fed.R.Civ.P. 12(b)(2) [doc. # 11], filed by defendant, Anglers Outpost & Marine. The motion is unopposed. For reasons that follow, it is recommended that the motion to dismiss be granted.

## Background

On February 1, 2019, Jeremiah Womack (sometimes referred to in the complaint as "Jeremiach Womack") was operating his 2018 Skeeter FX 20 boat on Caney Lake in Jackson Parish, Louisiana when a steering malfunction caused the boat to make a sudden turn, thereby throwing Womack into the side of the boat and causing him to suffer severe and disabling injuries. (Compl.). Accordingly, on January 16, 2020, Womack filed the instant products liability action to recover compensatory and punitive damages under the court's diversity jurisdiction, 28 U.S.C. § 1332,[1] against the following defendants: Dometic Corporation, d/b/a Seastar Solutions ("Dometic") (the manufacturer of the boat's steering system); ABC Insurance

---

[1] Plaintiff's allegations of citizenship are deficient. The court will raise this issue via separate order once the pending motion has been resolved. *See Marathon Oil Co. v. A.G. Ruhrgas*, 182 F.3d 291, 294 (5th Cir.1999) (although questions of subject matter jurisdiction ordinarily should be resolved first, the court may consider an issue of personal jurisdiction out of turn when the matter is straightforward).

Company (Dometic's unknown liability carrier); Skeeter Products, Inc. d/b/a Skeeter Performance Fishing Boats ("Skeeter") (the boat manufacturer); DEF Insurance Company (Skeeter's unknown liability carrier); and Angler Outpost & Marine ("Angler") (the manufacturer, installer, repairer, and/or retailer of the boat).

Although plaintiff resides in Winn Parish, which lies within this court's Alexandria Division, and the accident occurred in Jackson Parish, which is situated in the court's Monroe Division, plaintiff opted instead to lodge the complaint in the court's Lafayette Division, where his attorney's office is situated. Unsurprisingly, on March 13, 2020, defendant, Dometic, filed a motion to transfer venue to the Monroe Division of the United States District Court for the Western District of Louisiana. [doc. # 7]. Plaintiff did not oppose the motion, and on May 14, 2020, Magistrate Judge Whitehurst duly transferred the matter to the Monroe Division for the convenience of the parties and in the interest of justice, 28 U.S.C. § 1404)(a). [doc. # 17]. The Clerk of Court reassigned the case to Judge Doughty and the undersigned magistrate judge.

Meanwhile, on March 17, 2020, defendant, Angler, filed the instant motion to dismiss for lack of personal jurisdiction. Plaintiff's response to the motion was due within 21 days after service of the motion. *See* Notice of Motion Setting [doc. # 15] (citing LR 7.5). That deadline has long since lapsed, with no response from plaintiff. Accordingly, the motion is deemed unopposed. [doc. # 15]. The matter is ripe.

## Law and Analysis

When, as here, "a nonresident defendant timely questions a federal district court's *in personam* jurisdiction over [that party], the plaintiff asserting jurisdiction has the burden of proving that the court has jurisdiction over the defendant." *Travelers Indem. Co. v. Calvert Fire*

2

*Ins. Co.*, 798 F.2d 826, 831–32 (5th Cir.1986), *on reh'g in part*, 836 F.2d 850 (5th Cir.1988) (citations omitted). If the court resolves a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, then plaintiff only need make a prima facie showing of the jurisdictional facts. *Freudensprung v. Offshore Technical Services, Inc.*, 379 F.3d 327, 343 (5th Cir. 2004). In assessing whether plaintiff has made a prima facie showing, the court "must accept as true [the plaintiff's] uncontroverted allegations, and resolve in his favor all conflicts between the [jurisdictional] facts contained in the parties' affidavits and other documentation." *Id.* (citation and internal quotation marks omitted).[2] However, the court need not credit plaintiff's conclusory allegations, even if uncontroverted. *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir.2001) (citations omitted).

A federal district court sitting in diversity may exercise personal jurisdiction over a nonresident defendant as long as, (1) the long-arm statute of the forum state confers personal jurisdiction over that defendant; and (2) exercise of such jurisdiction by the forum state does not transgress due process protections under the United States Constitution. *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999). Louisiana's long-arm statute extends jurisdiction to the full limits of the United States Constitution. *See* La. R.S. § 13:3201(B). Accordingly, the sole issue here is whether exercising *in personam* jurisdiction over the non-resident defendant comports with federal due process. *Jackson v. Tanfoglio Giuseppe, S.R.L.*, 615 F.3d 579, 584 (5th Cir.2010) (citation omitted).

---

[2] Of course, even if plaintiff were to avoid a preliminary motion to dismiss by making a prima facie showing of jurisdictional facts, he still would be required to prove the jurisdictional facts at trial by a preponderance of the evidence. *Travelers Indem. Co., supra*.

For personal jurisdiction to satisfy due process requirements, the plaintiff must establish that "(1) the defendant purposefully availed himself of the benefits and protections of the forum state by establishing 'minimum contacts' with the forum state, and (2) the exercise of personal jurisdiction over that defendant does not offend 'traditional notions of fair play and substantial justice.'" *Moncrief Oil Intern., Inc. v. OAO Gazprom*, 481 F.3d 309, 311 (5th Cir. 2007) (citations omitted).

The "minimum contacts" prong divides contacts into those that give rise to general jurisdiction and those that give rise to specific jurisdiction. *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, ___ U.S. ___, 137 S.Ct. 1773, 1780 (2017). "A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *BNSF Ry. Co. v. Tyrrell*, ___ U.S. ___, 137 S.Ct. 1549, 1558 (2017) (quoted sources omitted). Absent exceptional circumstances, a corporate defendant is "at home" only where it has its place of incorporation and its principal place of business. *Id.* (citations omitted).

Here, plaintiff neither alleged, nor argued that Angler's state of incorporation or principal place of business is in this state. To the contrary, plaintiff alleged that Angler is a foreign corporation licensed to do business in Kentucky. (Compl., ¶ 1E). Furthermore, plaintiff did not argue that Angler's operations are so substantial and of such a nature as to render it "at home," in Louisiana. Accordingly, general jurisdiction is unavailable.

Specific jurisdiction applies when the "plaintiff's cause of action . . . arises out of or results from the defendant's forum-related contacts." *Willow Bend, L.L.C. v. Downtown ABQ*

4

*Partners, L.L.C.*, 612 F.3d 390, 392 (5th Cir.2010). Stated differently, "[s]pecific or case-linked jurisdiction depends on an affiliatio[n] between the forum and the underlying controversy (i.e., an activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation)." *Walden v. Fiore*, 571 U.S. 277, 134 S.Ct. 1115, 1125, n.6 (2014) (citations and internal quotation marks omitted).

> The Fifth Circuit applies a three-step analysis for the specific jurisdiction inquiry:
>
> (1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable.

*Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 433 (5th Cir.2014) (citing *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir.2006)).

If plaintiff can successfully establish the first two prongs, then the burden shifts to defendant to show that exercising jurisdiction would prove unfair or unreasonable. *Id*.

"For a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State." *Walden, supra*. The court must look to the defendant's contacts with the forum state itself, not the defendant's contacts with persons who reside there. *Id*. (citation omitted). In other words, "[d]ue process requires that a defendant be haled into court in a forum State based on his own affiliation with the State, not based on the 'random, fortuitous, or attenuated' contacts he makes by interacting with other persons affiliated with the State." *Walden, supra* (citation omitted).

Womack's jurisdictional allegations against Angler prove minimal. Plaintiff asserted that he purchased the Skeeter boat from Angler, which is a foreign corporation that does business in Kentucky. (Compl., ¶¶ 1E and 3). Thereafter, plaintiff, a Louisiana resident, suffered injury

5

in this state when the boat malfunctioned.

In response to defendant's motion, plaintiff neither alleged, nor argued the existence of any purposeful, cause of action-related contacts by Angler with Louisiana, sufficient to support specific jurisdiction. In addition, caselaw does not suggest jurisdiction.[3] Accordingly, the court necessarily finds that plaintiff has not made a prima facie showing of jurisdictional facts (i.e. minimum contacts) as required to support the exercise of personal jurisdiction over defendant, Angler, in Louisiana. Having determined that no minimum contacts exist to exercise jurisdiction over Angler, the court need not consider whether such jurisdiction would violate traditional notions of fair play and substantial justice. *Moncrief Oil Intern., Inc.*, *supra*.

## Conclusion

For the foregoing reasons,

IT IS RECOMMENDED that the motion to dismiss for lack of personal jurisdiction [doc. # 11] filed by defendant, Anglers Outpost & Marine, be GRANTED, and that plaintiff's claims

---

[3] It is manifest that contracting with a resident of the forum state alone is insufficient to establish minimum contacts. *Moncrief Oil Intern., Inc.*, *supra* (citations omitted). Furthermore, in *Growden v. Ed Bowlin and Associates, Inc.*, the Fifth Circuit held that the following contacts with the forum state were insufficient to support personal jurisdiction over a Georgia seller of an allegedly defective plane that crashed and killed the plane's Louisiana purchaser: 1) the seller advertised the plane in two national publications; 2) the plane was delivered in Louisiana; 3) the seller promised to pay to fix a flickering alternator light; 4) the seller knew that the plane would be home-based in Louisiana; and 5) the plane was paid for with checks that were drawn on a Louisiana bank. *Growden v. Ed Bowlin & Associates, Inc.*, 733 F.2d 1149, 1152 (5th Cir.1984). Similarly, proof of only one sale to a resident of the forum state, coupled with magazine advertisements, the existence of a passive website, telephone communications, the acceptance of payment from the forum-domiciled purchasers, and delivery of the vehicle to the purchasers, collectively, do not suffice to support personal jurisdiction over an out-of-state seller for redhibitory defects of a vehicle in the state where the buyers reside. *Romero v. N. Trail RV Ctr.*, No. 10-0077, 2010 WL 3724337, at *1 (W.D. La. Aug. 20, 2010), *R&R adopted,* 2010 WL 3724241 (W.D. La. Sept. 15, 2010).

against said defendant be DISMISSED, WITHOUT PREJUDICE.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 28th day of May 2020.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE